**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

YOLANDA McKEE,

      Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.
_____/

Case No. 06-13956
Hon. Gerald E. Rosen
Magistrate Judge R. Steven Whalen

**OPINION AND ORDER ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on    September 28, 2007

PRESENT: Honorable Gerald E. Rosen
                United States District Judge

On June 18, 2007, Magistrate Judge R. Steven Whalen issued a Report and Recommendation ("R & R") recommending that the Court deny Plaintiff Yolanda McKee's motion for summary judgment and grant the Defendant Commissioner of Social Security's motion for summary judgment. Plaintiff has filed objections to the R & R, and Defendant, in turn, has filed a response to Plaintiff's objections. Having reviewed the parties' cross-motions, the R & R, Plaintiff's objections, Defendant's response, and the other materials in the record, the Court concurs in the analysis of the Magistrate Judge, and adopts the R & R in its entirety.

Plaintiff advances two objections to the R & R.  First, she contends that the Administrative Law Judge ("ALJ") did not give a sufficient explanation for discounting the credibility of her testimony regarding her limitations.  In particular, the ALJ stated in a conclusory fashion that Plaintiff's claims as to her limitations were "not wholly credible because they are not supported by the objective clinical evidence or [Plaintiff's] reported activities of daily living."  (Admin. Record at 17.)  As Plaintiff points out, an ALJ is required to "give specific reasons when finding a Plaintiff's testimony not credible."  Edwards v. Barnhart, 383 F. Supp.2d 920, 927 (E.D. Mich. 2005) (citing Social Security Ruling 96-7p); see also Rogers v. Commissioner of Social Security, 486 F.3d 234, 248 (6th Cir. 2007) (explaining that an ALJ's explanations of his credibility determinations "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight" (internal quotation marks, citation, and footnote omitted)).  It is difficult to say that the ALJ's decision here meets this standard.

Nonetheless, the Sixth Circuit has found, albeit in an unpublished decision, that such a violation may be harmless in light of the record in a particular case.  See Spicer v. Apfel, 15 F. App'x 227, 234 (6th Cir. July 16, 2001).  In this case, the Magistrate Judge has identified grounds upon which Plaintiff's credibility may properly be discounted, including her reports of daily activities that appear inconsistent with her claims of more substantial limitations.  (See R & R at 10-11.)  Additionally, as pointed out in Defendant's response to Plaintiff's objections, Plaintiff's treatment history supports the

ALJ's credibility determination, where she failed to seek treatment for her allegedly disabling ankle impairment outside of a brief period of a few weeks after she sprained this ankle, and where the record includes her reports to her doctors that she was not taking pain medication, (Admin. Record at 111), and that she had only "slight" ankle pain, (id. at 105). Finally, it bears emphasis, and Plaintiff herself acknowledges in her objections, that the ALJ did not reject Plaintiff's testimony in its entirety, but rather relied upon portions of it in determining her residual functional capacity. Accordingly, the Court finds that the lack of specificity in the ALJ's stated reasons for discounting Plaintiff's credibility is harmless in this case, where there is, in fact, ample evidence in the medical record and in Plaintiff's reports of her daily activities to support this credibility determination.

Next, Plaintiff contends that the ALJ gave insufficient weight to the opinion of her treating physician, Dr. Louis J. Geller, and that the ALJ compounded this error by failing to explain why this opinion was being discounted. Yet, as the Magistrate Judge observes, there was little need for the ALJ to explain why less than full weight was given to Dr. Geller's opinion, where the ALJ's determination of Plaintiff's residual functional capacity was largely *consistent with* the limitations identified in this opinion. Although Dr. Geller opined that Plaintiff was "disabled" as a result of these limitations, the ALJ was not bound to accept this opinion on an issue reserved to the Defendant Commissioner. See 20 C.F.R. § 404.1527(e)(1). Finally, to the extent that Plaintiff objects that the ALJ did not sufficiently consider Dr. Geller's opinion that she needed to elevate one or both legs, this limitation, too, was incorporated into the ALJ's questioning of the vocational expert, and

3

Plaintiff's protest as to the insufficient height of this elevation —*i.e.,* to the height of a footstool, (see Admin. Record at 149) — lacks support in Dr. Geller's opinion, which does not specify a particular height to which Plaintiff needed to elevate her legs (see id. at 126). Plaintiff's second objection, then, also lacks merit.

Accordingly,

NOW, THEREFORE, IT IS HEREBY ORDERED that the Magistrate Judge's June 18, 2007 Report and Recommendation, as supplemented by the rulings in this opinion and order, is ADOPTED as the opinion of this Court. IT IS FURTHER ORDERED, for the reasons stated in the R & R and set forth above, that Plaintiff's motion for summary judgment is DENIED, and that Defendant's motion for summary judgment is GRANTED.

s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated: September 28, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 28, 2007, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager